## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND and TRUSTEES OF THE INTERNATIONAL TRAINING FUND** <br> **8000 Corporate Drive** <br> **Landover, MD  20785** | ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **C.A. NO.** ) |
| **INTERSTATE FIRE PROTECTION, INC.** <br> **28807 Reilly Road** <br> **New Hudson, MI  48165** | ) ) ) ) |
| **Serve:  Robert D. Peters, Registered Agent** <br> **28807 Reilly Road** <br> **New Hudson, MI  48165** | ) ) ) ) |
| **and** | ) ) |
| **ROBERT D. PETERS** <br> **28807 Reilly Road** <br> **New Hudson, MI  48165** | ) ) ) ) |
| **Serve:  Robert D. Peters** <br> **28807 Reilly Road** <br> **New Hudson, MI  48165** | ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND FOR BREACH OF SETTLEMENT AGREEMENT)
### PARTIES

1.     Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund,

Trustees of the National Automatic Sprinkler Industry Pension Fund, and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 704 and the Defendant Interstate Fire Protection, Inc. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2.      Defendant Interstate Fire Protection, Inc. (hereinafter "Interstate") is a corporation existing under the laws of the State of Michigan with offices located in Michigan. Defendant Interstate transacts business in the State of Michigan as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3.      At all times relevant herein, the Defendant Robert D. Peters has been the President of the Defendant Interstate and is a resident of the state of Michigan.

### JURISDICTION

4.      This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee

benefit plans under the terms of the Collective Bargaining Agreement, and an action for breach of a Settlement Agreement and Promissory Note.

<u>**COUNT I**</u>

5.      At all times relevant herein, Defendant Interstate has been signatory to a Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 704 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

6.      Defendant Interstate employed certain employees covered by the Collective Bargaining Agreements during the period of January 2007 through the present.

7.      Defendant Interstate is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8.      The Defendant Interstate experienced substantial difficulty in making the required benefit contributions to the NASI Funds.  In March 2017  in response to these difficulties, the NASI Funds and said Defendant Interstate entered into a Settlement Agreement and Promissory Note (hereinafter "2017 settlement documents") allowing for a systematic payment over time of all amounts owed to the NASI Funds.  These settlement documents required, <u>inter alia</u>, the payment of the principal amount of $301,041.76 in contributions and accrued interest owed by said Defendant to the NASI Funds to be paid over a period of sixty months with interest assessed on the monthly settlement payments at the rate of 5% per annum.  The settlement documents further provided that the Defendant Interstate remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements.  Liquidated damages and partial interest totaling $255,363.08 were waived contingent upon the Defendant Interstate making each and every one of the scheduled payments as

3

they became due under this Agreement and contingent upon the Defendant Interstate remaining current in its monthly contributions for the duration of the settlement.

9.     Defendant Robert D. Peters (hereinafter "Peters") executed these settlement documents pursuant to which he committed himself to act as guarantor for all amounts owed by the Defendant Interstate to the NASI Funds inclusive of future monthly contributions owed to the Funds which become due during the life of the settlement documents.

10.     The Defendant Interstate defaulted on the terms of the settlement documents by failing to pay the contributions owed for the months of October, November and December 2018 and by failing to make the settlement payments that were due during the months of February 2018 through January 2019. Pursuant to the terms of the settlement documents, Defendant Interstate is in default and owes the Plaintiff NASI Funds the principal amount of $272,764.59, plus reinstated liquidated damages and interest in the amount of $255,363.08.

11.     That in April 2014, Plaintiff Funds, the Defendant Interstate and the Defendant Peters entered into a Consent Judgment in Civil Action No. 13-PWG-3819 (hereinafter "Consent Judgment") which encompasses some, but not all, of the amounts still owed on the 2017 settlement documents. The balance owed by the Defendant pursuant to the terms of the 2017 settlement documents after deducting the amounts included in the Consent Judgment is $110,301.53 in contributions, liquidated damages and interest owed for the period of January 2015 through February 2017.

12.     Defendant Interstate has failed to make contributions due to Plaintiff Funds for the months of October, November and December 2018. In addition, Defendant has failed to submit report forms for this month. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

13.     Pursuant to the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made. . .

14.     Using report forms submitted for the last three (3) months for which reports were submitted by the Defendant Interstate, the projected delinquency for the month of October 2018 through December 2018 is $69,365.68 calculated as follows:

| Month | Welfare Reported | Pension Reported | ITF Reported |
|-------|------------------|------------------|--------------|
| July 2018 | $14,778.24 | $9,164.80 | $143.20 |
| August 2018 | $15,077.52 | $9,350.40 | $146.10 |
| Sept. 2018 | $12,703.92 | $7,878.40 | $123.10 |
| **Monthly Average:** | $14,186.56 | $8,797.87 | $137.47 |

15.     Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of May 2017, June 2017, August 2017 and December 2017 through September 2018 were paid late.  The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

16.     Defendant Interstate's contributions owed on behalf of its sprinkler fitter employees for the months of October and November 2018 are late.

17.     Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

(2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

18.    Pursuant to this provision, Defendant Interstate is obligated to Plaintiff Funds in the amount of $59,614.60 in liquidated damages assessed on late contributions for the months of May 2017, June 2017, August 2017 and December 2017 through November 2018, plus interest from the date of delinquency through the date of payment at the rate provided in 29 U.S.C. Section 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

19.    Pursuant to the terms of the settlement documents, the Defendant Robert D. Peters is liable for all amounts owed by the Defendant Interstate to the NASI Funds that were not previously included in the Consent Judgment.  Accordingly, the Defendant Robert D. Peters is liable to the NASI Funds for the sum of $239,281.81, plus costs, interest and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendant Interstate Fire Protection, Inc. and Robert D. Peters, jointly and severally, as follows:

A.    In the amount of $110,301.53 as currently owed under the terms of the 2017 settlement documents.

B.    In the amount of $69,365.68 for contributions due for work performed in October 2018 through December 2018, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

C.    In the amount of $59,614.60 for liquidated damages assessed on late contributions

for the months of May 2017, June 2017, August 2017 and December 2017 through November 2018, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

D.     For costs, interest, and reasonable attorneys' assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

E.     For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

F.     For such further relief as the Court may deem appropriate.

## COUNT II

20.     Plaintiff NASI Funds hereby adopt, incorporate, and restate in Count II paragraphs 5 through 19 of Count I.

21.     Pursuant to the Collective Bargaining Agreement and the Trust Agreements, the Trustees of the Plaintiff NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant Interstate for the purposes of determining the accuracy of contributions to the Funds.

22.     The Plaintiff NASI Funds are seeking an audit of the Defendant Interstate's wage and payroll records to determine if there are any additional amounts due to the Plaintiff NASI Funds for the period of January 1, 2015 through the date of the audit.

23.     The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for interest assessed on the amounts owing and for all expenses

incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count II, Plaintiff NASI Funds pray for judgment against the Defendant Interstate as follows:

A.     That this Court enforce the terms of the Plan and order Defendant Interstate to permit an audit of its wage and payroll records, as provided for in the Plan documents for the period of January 1, 2015 through the date of Judgment.

B.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____
     Charles W. Gilligan
     Maryland Bar No. 05682

Attorneys for Plaintiffs

320149_1

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 18th day of January, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

_____
Charles W. Gilligan

320149_1

9